E-FILED
Wednesday, 20 November, 2019 10:38:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOE CLARK, )
Plaintiff, )
)
vs. ) No. 19-4182
)
ROSEMARY HAYNES, et. al., )
Defendant )

CASE MANAGEMENT ORDER

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. and seeks leave to proceed *in forma pauperis* (IFP).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). In addition, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed IFP only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff says Rushville Security Therapy Aid (STA) Rosemary Hayes escorted Plaintiff to the Cook County Courthouse on September 12, 2017. During a court hearing, Plaintiff accused Rushville staff members of lying on incident reports and providing inaccurate accounts of events at the facility. Afterwards, Defendant Hayes told Plaintiff he was always complaining about something. Plaintiff claims the Defendant then intentionally applied black-box restraints "very, very, extremely, tight, so much so that I could hardly breathe and I couldn't maneuver or move my hands/arms at all." (Comp., p. 6). Defendant Hayes applied the waist chain in a similar fashion.

When Plaintiff complained the restraints were tight and painful, Defendant Hayes said it was "too bad" and he could complain to the Judge next time. (Comp., p. 6). Plaintiff was then forced to ride in the painful restraints for approximately five hours of "pain, agony, and torture." (Comp., p. 6).

Plaintiff also alleges Defendant Hayes knew Plaintiff suffers with a painful wrist condition which was aggravated by the restraints. Plaintiff says he has shown the Defendant "medical papers" in the past, but Plaintiff had not identified his specific medical condition. (Comp, p. 6).

Plaintiff has adequately alleged Defendant Hayes used excessive force in violation of his Fourteenth Amendment rights. In addition, Plaintiff has alleged Defendant Hayes retaliated against him for his complaints about Rushville staff during

the Court hearing. While Plaintiff says he is suing Defendant Hayes in her official and individual capacities, the complaint does not articulate an official capacity claim. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978).

IT IS THEREFORE ORDERED**:**

1. Plaintiff's petition to proceed in forma pauperis is granted. [3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Hayes used excessive force and retaliated against Plaintiff when she intentionally applied restraints in a painful manner on September 12, 2017 and forced Plaintiff to stay in the restraints for approximately five hours. The claim is stated against the Defendant in her individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the

status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendant pursuant to the standard procedures.**

ENTERED this 20th day of November, 2019.

s/James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE